## Lee *versus* Keys.

1. Where a case is submitted under the Act of May 14th 1874, providing "for the submission of civil cases by agreement of the parties, to a referee, learned in the law," as under the Act of April 22d 1874, " to provide for the submission of civil cases to the decision of the court, and to dispense with trial by jury," a writ of error brings up only questions of law, arising upon the rulings, relating to the evidence or to the law of the case, and the court cannot go behind the findings of fact, except where in a common-law trial before a jury, the assignment of error is such as can be heard and determined ; the writ brings up no question as upon a motion for a new trial.

2. Jamison *v.* Collins, 2 Norris 259, followed.

November 21st 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Error to the Court of Common Pleas of *Washington county :* Of October and November Term 1878, No. 150.

Joseph Keys sued out a writ of foreign attachment in assumpsit against J. G. C. Lee, summoning John W. Seaman as garnishee, and filed a declaration, setting forth, in the first count, a promissory note, and followed by the common counts for money had and received, &c.   The defendant pleaded non assumpsit, and afterwards confessed judgment in favor of the plaintiff for $101.05, as of date September 21st 1876, which was entered accordingly.   By agreement filed, the cause was referred to D. F. Patterson, Esq., as referee, under the Act of May 14th 1874, Pamph. L. 166.   The facts of the case, as reported by the referee, are as follows :—

Joseph Keys, the plaintiff, executed a mortgage upon his real estate in Smith township, Washington county, Pennsylvania, in the penal sum of $14,000, conditioned for the payment of $7000, in three years from date, with interest semi-annually.   This mortgage, bearing date May 18th 1871, was to John S. Lambie, as mortgagee.   It had endorsed upon it an assignment from John S. Lambie to Joseph Dilworth, trustee of J. G. C. Lee, dated May 18th 1871, and was recorded in the recorder's office of Washington county on May 20th 1871.   On September 21st 1876, the plaintiff paid the final payment in satisfaction of the mortgage to

[Lee *v.* Keys.]

said John W. Seaman, attorney in fact for the defendant, and on the same day issued this attachment, claiming that he received only $6370 on account of his mortgage; that he paid his semi-annual instalments of interest about the time they fell due; that after the maturity of the mortgage he paid interest for one year, at the rate of ten per cent., upon the balance of the unpaid principal; and that he paid nine per cent. on the balance of the mortgage from May 1875 until it was satisfied.

The defendant admitting the receipt of interest in excess of legal rate after the maturity of the mortgage, had confessed judgment for the excess of $101.05, and did not deny that the sum received by the plaintiff for the mortgage was $6370, but contended that having purchased the mortgage through George A. Berry, without knowledge that it was tainted with usury, if it really was so, and in full reliance on the plaintiff's certificate of no defence, the plaintiff could not recover.

The referee found for the plaintiff the sum by him overpaid on the mortgage, viz., $971.32, with interest from the date of its payment, amounting to $1060.68.

The following exceptions by the defendant to the finding of the referee, and here re-assigned for error as overruled by the referee, sufficiently indicate the material facts in the controversy:—

1. The referee erred in finding the fact that George A. Berry acted as the agent of the defendant in the purchase of the mortgage of the plaintiff to Lambie, or in the negotiations preceding such purchase.

2. The referee erred in finding that Keys, the plaintiff, was not estopped from making any claim for usury against the defendant by his certificate of "no defence," which accompanied the mortgage made to Lambie, which certificate with the mortgage was transferred by Lambie to the defendant's trustee, there being nothing in the evidence to show that either the defendant or his trustee had any knowledge of the usurious character of the transaction between Keys and Berry.

3. The referee erred in finding that there was due from the defendant to the plaintiff the sum of $971.37, of date 21st September 1876.

*Dougan & Todd* and *James P. Sterrett*, for plaintiff in error.— Exceptions to the finding of facts by auditors are frequently determined in this court. The referee having made the testimony a part of his report, we have excepted to the correctness of his finding that Berry was the agent of Lee, in the purchase of the mortgage and in the negotiations which preceded the purchase.

*L. McCarrell*, for defendant in error.—The question of fact as to whether Berry was acting as the agent of the defendant in this

[Lee *v.* Keys.]

transaction, and the extent of his authority, was submitted under the evidence to the referee; his findings thereon are as conclusive as the verdict of a jury in a case tried before the court, and will not be reviewed by this court: Fall Creek Coal and Iron Co. *v.* Smith, 21 P. F. Smith 230; Jamison *v.* Collins et al., 2 Norris 252. In the case at bar there are no rulings made by the referee during the hearing before him now before this court by proper exceptions, and his findings, to which exceptions are made, are conclusive and not the subject of review.

Mr. Justice PAXSON delivered the opinion of the court, January 6th 1879.

It is not denied that the plaintiff in error after the maturity of the mortgage, received more than six per cent. interest. His confession of judgment in the court below for the sum of $101.05, is an admission of this fact. But it was contended that as to the sum of $630, the difference between the face of the mortgage and the amount the mortgagor received therefor, the taint of usury does not attach for the reason that the plaintiff purchased said mortgage in the market of a broker, and upon the faith of a certificate signed by the mortgagor that he had no set-off or defence to the mortgage. The difficulty in the way of this view of the case is that the referee has distinctly found that Berry was the agent of the plaintiff in error in the transaction, and that it was a direct loan by plaintiff through his agent, to the defendant in error at a usurious rate of interest. The whole case turns upon this question of fact. Error has been assigned to the finding of the referee upon the facts. But this is a writ of error under the Act of 14th May 1874, Pamph. L. 166, the third section of which provides that proceedings under it "shall in like manner and to the same extent, be subject to exceptions and writs of error or appeal, as in cases submitted in like manner to the court." Jamison *v.* Collins, 2 Norris 359, was a writ of error under the Act of 22d April 1874, Purd. Dig. 1939, Pamph. L. 109, entitled "An act to provide for the submission of civil cases to the decision of the court, and to dispense with trial by jury." It was held in that case, that in a writ of error under said act, this court could hear and determine only questions of law arising upon bills of exceptions to the rulings of the judge relating to the evidence or to the law of the case; that we cannot go behind his findings of fact, except where, in a common-law trial before a jury, the assignment of error is such as can be heard and determined by this court, and that the writ of error brings up no question as upon a motion for a new trial. This is decisive of the present contention. The grounds assigned for error might be operative as reasons for a new trial in a case before a jury, but they raise no question of law for our consideration.

Judgment affirmed.