## Brown et al. *versus* Dempsey.

| 95 | 243 |
| 129 | 323 |
| 95 | 243 |
| 151 | 274 |
| 95 | 243 |
| 22 SC | 419 |

1. Where machinery is left for repairs replevin cannot be maintained therefor unless the bailor first pays or tenders the amount due for said repairs Mathias v. Sellers, 5 Norris 486, followed.

2. The Supreme Court can only hear and determine questions of law arising from the rulings of a referee, under the Act of May 14th 1874, but cannot go behind his findings of facts. This court's power of revision extends only to the referee's decisions upon the law governing the case submitted to him, and not to his conclusions upon the facts, as long as they are untainted by fraud. Jamison v. Collins, 2 Norris 359, and Lee v. Keys, 7 Id. 175, followed.

June 21st 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J, absent.

Error to the Court of Common Pleas of *McKean county :* Of May Term 1880, No. 62.

[Brown *v.* Dempsey.]

Replevin by Brown & Norris and Howe & Cook against John Dempsey and Florence Dempsey, doing business as Dempsey Brothers, to recover a steam-boiler which had been left with defendants for repairs. The case was referred to W. W. Brown, Esq., as referee, under the Act of May 14th 1874, whose findings of fact and conclusion thereon will be found stated in the opinion of this court.

*J. C. Sturgeon & Bro.* and *N. B. Smiley*, for plaintiffs in error. —The demand of the plaintiffs for payment of a larger amount than they were entitled to receive, and the refusal to deliver the boiler until this amount was paid, were a waiver of tender as an act precedent to a suit.

In affirming the judgment in case of Macky *v.* Dillinger, 23 P. F. Smith 85, Judge AGNEW says : * * * "The judge did not mean to say that it was a waiver of Macky's right to these advances, but only of tender as an act precedent to a suit. * * * The instruction was according to the general doctrine of tender that when a party declines to accept payment or performance, except in a particular way, to which he is not entitled, he cannot insist that the action is prematurely brought."

In the subsequent case of Mathias *v.* Sellers, 5 Norris 486, which the referee says in his report distinguishes the case of Macky *v.* Dillinger (which term he seems to understand as being equivalent to overruled), it was virtually held that since the decision in Macky *v.* Dillinger no tender was necessary in any such case before bringing suit, but that any amount due defendant could be enforced by way of recoupment.

In delivering the opinion of the Supreme Court, in Mathias *v.* Sellers, Justice WOODWARD first shows that, as a general rule, a tender is necessary before bringing a suit, and thus continues: "Nothing that was decided in Macky *v.* Dillinger, 23 P. F. Smith 85, was in conflict with the settled law of lien. * * * The decision was stated in the opinion of the present Chief Justice to rest on the general doctrine of tender, that when a party declines to accept payment or performance, except in a particular way to which he is not entitled, he cannot insist that the action is prematurely brought." This, in our opinion, does distinguish the case referred to, *i. e.*, establishes the fact that the decision therein does not and was not intended to establish the doctrine that the necessity of tender is done away with in all such cases and recoupment substituted, as the judge below erroneously held, but instead of overruling the case of Macky *v.* Dillinger, practically affirms it. If we are right in our interpretation of the law as determined in the two cases cited, this action was properly brought, under the circumstances, without any tender having first been made.

[Brown v. Dempsey.]

*C. J. Curtis* and *W. B. Chapman*, for defendants in error.—
The question of fact as to what the work and material were worth,
and how much was tendered by plaintiffs was under the evidence
submitted to the referee. His findings are conclusive and will not
be reviewed by this court: Lee v. Keys, 7 Norris 175.

The rule applicable to this case is laid down in McIntire v.
Carver, 2 W. & S. 392: "Every bailee who has by his labor or
skill conferred value on specific chattels bailed to him, has a par-
ticular lien thereon." At no stage of this case was the defendant
a wrongdoer. When the action was brought he had done no more
than exercise his undoubted right of retention. In the more subse-
quent case of Mathias v. Sellers, 5 Norris 486, which establishes
the doctrine of tender as an act precedent to suit, and distinguishes
the case of Macky v. Dillinger, 23 P. F. Smith 85, the learned
judge says, "Nothing that was decided in Macky v. Dillinger was
in conflict with the settled law of liens. Macky had no right to
set up Morehead's lien in his own defence, that as against him
Dillinger could maintain his action without tendering repayment.
If payment or tender for all the work was worth is not a prerequisite
before bringing suit or to take it from the possession of the me-
chanic, then the lien law is a nullity."

Mr. Justice GORDON delivered the opinion of the court, Oc-
tober 4th 1880.

This was an action of replevin, brought by the plaintiffs for the
recovery of a twenty-horse power steam-boiler, which had been
left with the defendants for repairs. They, the defendants, claimed
to have a claim upon said boiler, for work done and material fur-
nished in the repairing thereof, and refused to deliver the same until
their charges were fully paid. A submission of this case was made,
by the parties thereto, under the Act of May 14th 1874, to W.
W. Brown, Esq., who found and reported as follows: 1. "That
the property in question, one steam-boiler, was, prior to the bringing
of this suit, owned by H. W. Chase, who, for the purpose of making
repairs thereon, had it taken to the shops of the defendants, and
employed the defendants to make the necessary repairs thereon.
2. That afterwards, and while the repairs were in progress, Chase
sold and assigned the same to the plaintiffs, the title thereto thus
becoming vested in the plaintiffs prior to the bringing of this suit.
3. That the value of said boiler, at the time of the alleged taking,
was $515. 4. That the material furnished and the repairs made
by the defendants were of the value of $93. 5. That at the time
of the completion of such repairs, and the furnishing of such
material, the defendants had a lien on said boiler for the full
amount thereof, to wit: the sum of $93. 6. That the plaintiffs
were not entitled to recover in replevin without first tendering (or
at least offering to pay) the whole amount of the lien for material

[Brown *v.* Dempsey.]

and repairs.    7. That the largest amount offered by the plaintiffs, for material furnished and labor done, was $65.    8. And, therefore, judgment in this case must be for the defendants."

From the facts as here found, we hesitate not in saying that the case is governed by McIntyre *v.* Carver, 2 W. & S. 392.    As was there said, by GIBSON, C. J.: "It is not to be doubted that the law of particular or specific lien on goods in the hands of a tradesman or artisan for the price of work done on them, though there is no trace of its recognition in our books, was brought hither by our ancestors, and that it is part of our common law."    Mathias *v.* Sellers, 5 Norris 486, reiterates this same rule, and holds that the bailor cannot maintain replevin for goods left by him with a tradesman for manufacture, without first discharging the lien which the tradesman has acquired for work and labor upon such goods, either by payment or tender of the amount due.    And it is there said that such lien exists equally whether there be an agreement for a price stipulated, or only an implied contract to pay what the work may be reasonably worth.    It is obvious that this is a case in point and governs the one in hand.    The defendants, it seems, did put $93 worth of work upon the boiler, whilst the plaintiffs tendered but $65 ; a sum short of that necessary to discharge the lien.    The plaintiffs seek to avoid the result flowing from this want of a full tender, by the allegation that the Dempsey Brothers demanded the sum of $185, an amount far in excess of the worth of the work, and that they refused to deliver the boiler unless that amount was paid.    Had this averment been sustained by the finding of the referee, the whole character of the case would have been changed ; for, as was held in Macky *v.* Dillinger, 23 P. F. Smith 85, where a party having a lien, as in the case in hand, declines to accept payment or performance except in a way to which he is not entitled, he cannot defend on the ground that the action of replevin has been prematurely brought.    For a rule such as this there is a good reason : the artisan's lien is designed to secure to him his honest and lawful charges, but when he attempts to use it as an instrument of extortion, the reason upon which it depends fails, and, as a consequence, the lien itself fails.

But the facts as above stated were not found by the referee, and even if we had the testimony fully before us, which we have not, it is not within our province, in this particular, to amend or revise the finding of the referee.    It has been held in Jamison *v.* Collins, 2 Norris 359, which was followed by Lee *v.* Keys, 7 Norris 175, that where a case has been submitted under the Act of May 14th 1874, the Supreme Court can only hear and determine questions of law arising from the rulings of the referee, but cannot go behind his findings of facts.    The referee fills the place of both judge and jury, and our power of revision extends only to his decisions upon the law governing the case submitted to him, and not to his con-

[Brown v. Dempsey.]

clusions upon the facts; into these we cannot make inquiry as long as they are untainted by fraud.

Judgment affirmed.