# James W. M. Newlin, Appellant, *v.* J. Edward Ackley.

*Appeals—Weight to be given to referee's findings of fact.*

The appellate court cannot go behind the findings of fact by a referee, except where the assignment of error is such as could be heard and determined if the trial had been according to the course of the common law,—before a jury. If the evidence is relevant and proper and the findings of fact are reasonably inferable therefrom, the court must, in the absence of fraud, accept the report as correct.

Argued Nov. 18, 1897. Appeal, No. 121, Oct. T., 1897, by plaintiff, from judgment of C. P. Bucks Co., Feb. T., 1893, No. 18, in favor of plaintiff as to a portion of his claim but dismissing plaintiff's exceptions to the report of the referee rejecting a portion of plaintiff's claim. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Foreign attachment. Before YERKES, P. J.

It appears from the record that this was an action brought by the plaintiff to recover from defendant for professional services two separate sums, to wit: one of $250 and one of $750. The case was referred to J. Percy Keating, who found for the plaintiff as to the former sum and no exception having been filed judgment became final as to the $250. As to the claim for $750 the referee reported that the services had been rendered and that they were reasonably worth $750, but that the conditions under which this contingent fee was to become payable had not been fulfilled, hence he rejected the plaintiff's claim for the $750.

Other facts appear in the opinion of the court.

Judgment for plaintiff for $250 with interest and costs. Plaintiff appealed.

*Errors assigned* among others were (6) In dismissing plaintiff's sixth exception to the referee's supplemental report, which was as follows: " That plaintiff excepts to that portion of the referee's second conclusion of law, which reads as follows: ' The burden of proving that such lack of ownership was through defendant's fault, and that the suit was definitely determined

in consequence, likewise rests with the plaintiff and this he has not established.' Because this finding is a mixed one of law and fact and is erroneous in law, and is not supported by the evidence in the cause." (11) In making the order confirming the referee's report.

The other specifications of error related either wholly or partially to findings of fact, and in view of the opinion of the Superior Court it is not necessary to set out same.

*Alex. Simpson, Jr.*, with him *Henry Lear*, for appellant.— Where the means of proving the negative are not within the power of the party alleging it, but all the proof on the subject is within the control of the opposite party, who, if the negative is not true, can disprove it at once, then the law presumes the truth of the negative averment from the fact that such opposite party withholds or does not produce the proof which is in his hands, if it exists, that the negative is not true : Railroad Co. v. Bacon, 30 Ill. 347 ; Ins. Co. v. Kearney, 16 Q. B. 925 ; State v. Lipscomb, 52 Mo. 32 ; Sheldon v. Clark, 1 Johns. (N. Y.) 513.

*J. Edward Ackley*, with him *Ross & Long*, for appellee.—The contract was an entire one and until complete performance on his part the attorney cannot sue : Tenney v. Berger, 93 N. Y. 524 ; Whitehead v. Lord, 7 W. H. & G. 691 ; Weeks on Attorneys, secs. 255, 316 ; Cordery's Law of Solicitors, 62.

OPINION BY SMITH, J., January 18, 1898 :

The plaintiff, an attorney at law, brought this action to recover for professional services performed for the defendant in certain legal proceedings instituted in the United States circuit court, and another suit in the court of common pleas of Philadelphia. Upon a reference under the act of May 14, 1874, the plaintiff's claim for services in the latter case was allowed, and his claim for services in the suit in the federal court was wholly disallowed. Exceptions to the report of the referee, filed on behalf of the plaintiff, were dismissed by the court below ; whereupon this appeal was taken.

The proceeding in the federal court was by bill in equity, and the claim in dispute here is for services therein. The

ground of action is too indefinitely stated in the declaration, but is given more specifically in the plaintiff's "history of the case," as follows: "The proceedings on Mr. Ackley's bill in equity were to be conducted for said Ackley until final determination was had on the merits. That if the cause failed on the merits defendant was to be charged no further fee, but that if it was decided in his favor then he was to pay plaintiff (appellant) a liberal contingent fee, the amount of which was not agreed upon, but which should be based upon the increased value of said Ackley's stock." The plaintiff alleged that it became necessary to abandon the equity suit in the federal court, because the defendant failed to acquire, prior to its commencement, the personal ownership of the street railway stock which he held as administrator, and upon which the suit was based, as he had been instructed to do, and that this failure precluded a determination of the suit on its merits. "Wherefore he now sues for $750 as a quantum meruit fee, because Ackley's default prevented the original agreement being carried out." The claim before the referee was supported mainly by the plaintiff's testimony. The defendant, testifying in his own behalf, denied the agreement set up by the plaintiff, and also denied that the equity case was abandoned by reason of any fault or neglect on his part, and he further asserted that the equity suit has not been discontinued, but is still pending in the circuit court. Defendant further alleged that proceedings in the equity suit were voluntarily suspended by the plaintiff here, who entered into an agreement whereby its final disposition was made to depend upon the result of another action by other parties against the railway company, in another court, and that this action also remains undetermined.

The material questions in controversy would seem to be covered by the report of the referee. On the principal point he found that it was not shown that the equity suit in the federal court, upon which the plaintiff's claim is based, was defeated, or had to be abandoned, by reason of any default of the defendant, and that as a fact it is still pending, and may be proceeded with. He further reports that the plaintiff "was himself responsible for the circumstance which he relies on here as an obstacle to his earning his fee. He has accordingly failed to substantiate his claim." The plaintiff's claim is not based

on·his fulfillment of the alleged contract with the defendant, but on the allegation that he could not fulfil it because of the defendant's default.   He seeks, therefore, to recover for his services in its prosecution, without reference to the alleged agreement.   He admits that this contract called for a trial of the equity case on its merits and a final determination by due course of procedure, to entitle him to further compensation; but he contends that this termination was defeated by the defendant, and therefore he was entitled to compensation for what he had done.   But the referee found, on adequate evidence, that this contention, essential to plaintiff's recovery, was unwarranted by the facts.   If the facts left the main question in doubt, it might be worth while to inquire whether the agreement entered into by the plaintiff, whereby proceedings were suspended in the equity suit until the final determination of another suit by other parties, and to abide the decision thereof, could be considered a final determination on the merits of the defendant's equity suit in the federal court, within the meaning of the alleged agreement, or, if without the concurrence of Ackley, it was within the scope of professional services at all.   This agreement of the plaintiff postponing the equity case, was properly admitted in evidence by the referee.   It tended to refute the gist of the plaintiff's claim under the issue raised by the evidence.

The controversy here involves questions of fact, and ·the paper-books of both parties would indicate that the referee heard a large amount of testimony and based his conclusions of fact and of law thereon.   These conclusions would seem to be warranted by the evidence, and are therefore binding upon us.   The power of the appellate court to deal with the facts has often been passed upon, and is clearly defined by the decisions.   Thus, in Bradlee v. Whitney, 108 Pa. 362, it was said by CLARK, J.: " It has been frequently held in this court that a writ of error, in such case, brings up only questions of law.   The court cannot go behind the findings of fact by the referee, except where the assignment of error is such as could be heard and determined if the trial had been according to the course of the common law —before a jury: Jamison v. Collins, 83 Pa. 359; Lee v. Keys, 88 Pa. 175; Brown v. Dempsey, 95 Pa. 243.   If the evidence is relevant and proper, and the findings of fact are reasonably

inferable therefrom, we must, in the absence of fraud, accept the report as correct. We cannot consider the weight or the conflict of the evidence, or the veracity of the witnesses; this is the proper office of the referee, who performs the double function of court and jury. Such of the assignments of error as are directed solely to the facts must therefore be dismissed." Again, in Bidwell v. Railway Company, 114 Pa. 535, the same learned justice said: " The findings of fact by the referee are of course conclusive here; we cannot review them, they are as binding upon us as if they had been found by a jury in the form of a special verdict; the case must therefore be considered upon the assumption of the facts stated." This view, supported by all the authorities touching the point, but enunciates the distinction of the statutes regulating the procedure in referred cases. All the specifications of error relate, either wholly or partially, to findings of fact, except the sixth and eleventh. Even were we permitted to re-examine and refind the facts we could not do so because the evidence has not been printed. There is no error in the sixth or eleventh specifications.

The assignment of errors is overruled and the judgment affirmed.