28 489<br/>30 SC ²533

## Miller *versus* Binder.

Where an instrument of writing is offered in evidence, which in the body of it recites "as witness my hand," and is signed by the party sought to be charged and a seal is affixed to his name, it is error for the court to presume as matter of law that there was no evidence of sealing.

From the fact of *signing* the jury may presume the *sealing* and delivery, although there be no reference to sealing in the body of the writing, if there be a seal affixed to the name. Long *v.* Ramsey, 1 *S. & R.* 71.

To admit such paper in evidence it is not necessary that the party offering it should first prove that the seal had been affixed before delivery.

ERROR to the Common Pleas of *Berks county*.

This was an action brought by Solomon Miller for the use of Frederick Brendlinger, against William Binder, before a justice of the peace, on the 13th October, 1853, and removed into the Common Pleas by appeal.

After having proved the handwriting of the defendant, the plaintiff offered the following note in evidence:—

"One day after date, I promise to pay to Solomon Miller, or order, forty dollars, for value received. As witness my hand this 12th day of April, 1847.

$40.00. WM. BINDER." [L. S.]

The defendant objected to the admission of the note, and the court rejected the same, and, at the instance of plaintiff's counsel, sealed a bill of exceptions.

The defendant's counsel contended that, as there was no reference to sealing in the body of the instrument, although a scrawl appeared to it as presented, it was necessary for the plaintiff to prove that the seal was to it at the time it was delivered to him, and of this opinion was the court below, and, in the absence of such proof, refused to permit be read in evidence, and directed the jury to find for dant.

This was the error assigned.

*McKenty*, for plaintiff in error, cited and relied on the case of

Long *v.* Ramsey, 1 *S. & R.* 72. He also cited McDill *v.* McDill, 1 *Dall.* 63; 5 *Binn.* 241; Trasker *v.* Everhart, 3 *Gill & Johns.* 234; 4 *Comyn Dig.* title *Fait.* 157; 5 *Bac. Ab.* 159, title *Oblig.*; Turnpike *v.* Myers, 6 *S. & R.* 14; Porter *v.* Wilson, 1 *Harris* 648; Hicks *v.* Chauteau, 12 *Miss.* 341.

That proof of handwriting is sufficient to enable the jury to presume that sealing and delivery took place: Siegfried *v.* Levan, 6 *S. & R.* 311; Sicard *v.* Davis, 6 *Peters* 137; 2 *Dall.* 96; Long *v.* Ramsey, 1 *S. & R.* 72.

*Smith,* for defendant in error.—The proof is full that the defendant wrote the note, and said, "witness my hand," and that he signed it, but none that he sealed it. And, against his positive assertion, the court are asked to decide that the jury may presume a sealing and delivery. Signing was not essential at common law —sealing alone was sufficient: 1 *Sug. on Pow.* 297; *Shep. Touch.* 56 b; Coach *v.* Goodman, 22 *B.* 597; *Addison on Cont.* 4th ed., 1857.

The case of Long *v.* Ramsey is at variance with Taylor *v.* Glaser, 2 *S. & R.* 504, and Austin *v.* Whitlock, 1 *Munford* 487. Whether an instrument be under seal or not, is a question of law to be solved by the court from the inspection of the paper itself: Duncan *v.* Duncan, 1 *Watts* 322.

The opinion of the court was delivered by

KNOX, J.—As this case originated before a justice of the peace, but little regard was paid to the form of the action or the nature of the pleadings.

The plaintiff, after proving the handwriting, offered in evidence the following instrument, viz. :—

"One day after date, I promise to pay to Solomon Miller, or order, forty dollars, for value received. As witness my hand this 12th day of April, 1847.
$40.00. WM. BINDER." [L. S.]

This evidence was objected to and excluded, and a verdict rendered for the defendant.

There was error in rejecting the note upon which the suit was brought, whether it was sealed or not; but the error was a harmless one unless the instrument offered was a sealed instrument, for, as a promissory note, it was barred by the statute of limitations, and it was not pretended, upon the trial below, nor on the argument in this court, that th▮▮▮ ▮▮▮ ▮een an admission of indebtedness, or a promise to pay w▮▮▮ ▮▮ years from the commencement of the suit.

In this state a scrawl, or a mark made with a pen in the form of a seal, is, *per se*, a seal, and the only question in the case before

[Miller v. Binder.]

us is, whether it is necessary that the body of the instrument should refer to the seal.

It is conceded that, where the language of the writing is, " witness my hand and seal," that it is unnecessary to show, by independent proof, that the seal was affixed at the time of the execution and delivery. But it is insisted upon by the defendant's counsel, and such was the opinion of the learned president of the Common Pleas, that where, as in the present case, the words are, " as witness my hand," the instrument cannot be given in evidence as a specialty, without first proving that it was sealed when delivered.

That the rule has been held in accordance with the decision made in this case by the Common Pleas, in some of our sister states, is undeniable; but in Pennsylvania it is otherwise.

As early as 1786, it was held, in the case of Lesher's Lessee v. Levan, 2 *Dall.* 96, that the sealing might be presumed from the evidence of signing. In Long v. Ramsey, 1 *S. & R.* 71, it did not appear, either from the face of the writing or by any extrinsic proof, that the instrument offered in evidence as a deed, was sealed and delivered as such; but there was a seal at the end of the name made by the flourish of a pen. In delivering the opinion of the court, Chief Justice TILGHMAN said, " it is enough if there was a sealing and delivery; of this the jury are to judge, and, upon proof of the handwriting of the obligor, they may presume the sealing and delivery."

In Taylor v. Glaser, 2 *S. & R.* 502, the paper concluded, " in testimony whereof, we have hereunto set our hands and affixed our seals," and there were two subscribing witnesses, over whose names was written, " sealed and delivered in the presence of," but there was no seal, nor anything in the place of a seal opposite the name of the party, but there was a flourish under his name; the paper was held not to be a specialty. This is all that the case decides, and it is rather confirmatory of Long v. Ramsey, than otherwise. What was said by the chief justice in commenting upon Austin v. Whitlock, 1 *Munford* 487, was only *arguendo*, and not necessary to the decision of the main point.

Austin v. Whitlock was decided by the Virginia Court of Appeals in 1810; but the same point arose in Maryland in the case of Trasker v. Everhart, 3 *Gill & Johns.* 234, in 1831. And it was there held that, where there was a seal at the end of the signature, the presumption was, that it was affixed on delivery, although nothing was said about sealing in the body of the instrument.

The omission of the usual ▮▮▮▮▮ of having affixed the seal, is, of itself, of little moment, but when coupled with the declaration of " witness my hand," it would be for the jury to say whether the presumption against fraud and in favour of innocence was overthrown. The note should have been received in evidence, and

[Miller *v.* Binder.]

the question of fact, whether it was sealed when delivered, referred to the jury. It was error for the court to pronounce, as matter of law, that there was no evidence of sealing before delivery.

Judgment reversed and *venire de novo* awarded.