# Mack and Person's Appeal.

68    231
161   217

1. A mother to whom two of her children were indebted by notes barred by the statute, for the purpose of equalizing her estate amongst all her children, cancelled the notes and executed to each of the others notes under seal of like amount with interest, with this clause, " the amount thereof, principal and interest, is not due or payable until after my death."  Held, that these were valid obligations.

2. No consideration was necessary, the seal imported a consideration.

3. An agreement under seal to make a gift inter vivos may be enforced as a legal obligation.

4. The notes were not testamentary ; revocability is of the essence of a testament.

5. A present bond to pay a sum of money at the obligor's death, and delivery renders it perfect as a present obligation and is irrevocable.

[Mack's Appeal.]

March 20th 1871.   Before Thompson, C. J., Read, Agnew and Sharswood, JJ.   Williams, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Lehigh county* : No. 417, to January Term 1871.

This case originated in the distribution of the estate of Catharine Lerch, deceased, who died June 7th 1870.

On the 17th of August 1861, William Person, the husband of her daughter Mary, was indebted to the decedent $219.57, for principal and interest of a note which was then barred by the Statute of Limitations.   At the same date, Peter Mack, the husband of her daughter Catharine, was indebted to the decedent $221.91 on two notes in like condition.   About the same day, at the suggestion of one of her sons, for the purpose of equalizing these two sons-in-law with her seven other children, she cancelled the indebtedness of Mack and Person, and executed to each of the other seven a note under seal for $206.90 with interest, containing this clause: "This note or the amount thereof, principal and interest, is not due or payable until after my death."   The notes were given to Peter Lerch, one of the sons, who shortly afterwards delivered them to the respective payees.

Before the auditor appointed to distribute the estate, there was testimony for the purpose of showing incapacity, undue influence, &c.   The auditor, however, found entire capacity, and that the instruments were executed without any unfair means.

He reported the facts as above stated, and allowed to each of the seven children the principal and interest of the notes, $2194.22 in all; and distributed the remainder, $1218.45, amongst all the children.

The Orphans' Court, after exceptions by Mack and Person to the auditor's report, confirmed it.   They appealed to the Supreme Court and assigned the confirmation for error.

*E. Albright*, for appellants.—These instruments are valid, if at all, only as testamentary papers, and they were not such as could have been admitted to probate for want of two witnesses : Turner *v.* Scott, 1 P. F. Smith 126; Habergham *v.* Vincent, 2 Vesey, Jr. 204; Frederick's Appeal, 2 P. F. Smith 338.   The notes are to be treated as advancements: High's Appeal, 9 Harris 283; Levering *v.* Rittenhouse, 4 Whart. 130; Yundt's Appeal, 1 Harris 579; Seagrist's Appeal, 10 Barr 424.

*E. G. Schwartz*, for appellees, cited Yard *v.* Patton, 1 Harris 282; Delamater's Estate, 1 Whart. 374; Bowers *v.* Hurd, 10 Mass. 427; Dennison *v.* Goehring, 7 Barr 175; Byles on Bills 189; Cooke *v.* Colehan, 2 Str. 1217.

The opinion of the court was delivered, March 30th 1871, by

Sharswood, J.—So much as relates to the questions of fact which have been raised in this case may be dismissed with the

observation that the findings of the auditor below are fully sustained by the testimony as reported by him.   There was no evidence of fraud or mistake in the execution of the notes which were allowed in the account.

Mrs. Lerch perfectly understood what she had done, and although not very good at accounts and figures, was entirely competent to make such an arrangement as she did.   It was in all respects a just and reasonable arrangement.   Two of her sons-in-law were indebted to her, and her claims against them were barred by the Statute of Limitations.   She was anxious to make all her children equal.   She might have provided for this by will.   But it was equally competent for her to do the same thing by act executed in her lifetime.   She cancelled the notes upon which her sons-in-law, Mack and Person, were indebted to her, and executed notes under seal to all her other children severally for similar amounts, payable principal and interest upon her death.   That these were valid obligations is very clear.   No consideration was necessary. The seal imported it.   " A voluntary bond," as is said by Chief Justice Gibson, " is both in equity and at law, a gift of the money :" Sherk v. Endress, 3 W. & S. 256.   " It is not now to be doubted," says Mr. Justice Bell, " that though a parol unexecuted promise to make a gift *inter vivos* without consideration is void, an agreement under seal to do so may be enforced as a legal obligation :" Yard v. Patton, 1 Harris 285.   This being so, these sealed notes can in no sense be regarded as testamentary, for revocability is of the essence of a testament.   This is a very different case from that of a grant or conveyance of property by a man in trust or for purposes not to take effect until after his death, such grants being without any consideration moving from the grantee.   It is unnecessary to refer particularly to Turner v. Scott, 1 P. F. Smith 126, and Frederick's Appeal, 2 Id. 338. The first was a conveyance by a father to his son, reserving the land to the grantor during his life, the conveyance in no way to take effect until after his decease ; it was held to be a testamentary instrument and therefore revocable.   The second was a deed by an old and feeble man to trustees to pay his debts and necessary expenses, support him for life, and after his death, to divide what remained among his children.   This was also held to be testamentary and therefore revocable.   But the case before us bears no resemblance to these.   A man may give a present bond to pay a sum of money at his death, and a delivery of it to the obligee, renders it perfect as a present obligation though payable at a subsequent whether a fixed or an uncertain period to be afterwards ascertained and made certain.   It is strictly *debitum in presenti solvendum in futuro*, and is as irrevocable as any other obligation under seal, which in law imports consideration.

Decree affirmed, and appeal dismissed at the costs of the appellants.