## Harris v. Harris, Appellant.

[Marked to be reported.]

*Opening judgment—Evidence—Practice, C. P.*

Where a judgment entered on a warrant of attorney or upon a default is opened generally, and without terms the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered: Sossong v. Rosar, 112 Pa. 197.

*Pleading—Burden of proof—Act of May 25, 1887.*

The act of May 25, 1887, does not change the rule that the plaintiff, under a plea of non-assumpsit, is required to prove his whole case before the defendant is put upon proof.

A judgment was opened upon the ground that defendant's signature to the judgment note was a forgery, and that he never authorized the same

| 154 | 501 |
| 21 SC | 320 |
| 21 SC | 330 |

| 154 | 501 |
| 209 | ¹514 |
| 154 | 501 |
| 212 | ¹461 |
| 28 SC | ¹161 |

to be made or to be delivered to plaintiff. It was agreed that the note should stand as a declaration, and that the defendant should plead non-assumpsit. Upon the trial of the issue thus made up, plaintiff offered in evidence the judgment and the original note, to which appellant objected. The objection was overruled and the offers admitted. Defendant gave no evidence, whereupon the court directed a verdict for plaintiff. *Held*, to be error.

With the allegation of forgery, and the plea of non-assumpsit, plaintiff was put upon proof to show that the obligation was duly executed and duly delivered by defendant, or authorized to be so delivered.

Submitted April 25, 1893. Appeal, No. 265, Jan. T., 1893, by defendant, Albert Harris, from judgment of C. P. Erie Co., Nov. T., 1890, No. 354, for plaintiff, Susie Harris. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Issue to determine validity of judgment.

From the record it appeared that the judgment in question was opened on the allegation that defendant's signature was a forgery, and that he never authorized the judgment note to be made or to be delivered to plaintiff. The court granted an issue to determine the question whether the note was signed by defendant, or by his authority, the note to stand as the declaration, and defendant to plead non-assumpsit.

Plaintiff's counsel first offered in evidence judgment No. 354, Nov. T., 1890, C. P. Erie Co., upon narr in debt with confession of judgment and original note, filed Dec. 22, 1890 : Susie Harris v. Albert Harris, debt and collection fee, $1,260 ; interest Jan. 22, 1886, on $1,200, credit on note Feb. 3, 1886, $600 ; credit Sept. 4, 1886, $300. Showing balance due on said judgment of $300, with interest and collection fee.

Objected to, for the reason that it is incompetent and irrelevant, the issue ordered by the court in this case being such that the note is to stand as the plaintiff's declaration, and the defendant is to plead non-assumpsit. That places the issue in this case to be tried as if a suit had been brought upon this note in assumpsit and defendant had pleaded non-assumpsit, and that therefore this record and the offer of evidence is incompetent for the purposes of this issue. That it is to be governed by the specific order of the court, which is that the action shall be ordinary action of assumpsit with a plea of non-assumpsit, and the note to stand as the plaintiff's declaration or copy

of claim, and that the case must be tried the same as if a summons had been issued and narr in assumpsit filed and served, and the plea of non-assumpsit. That the plaintiff must prove the signature of the note and the consideration, and that it has not been paid. And further, that judgment has been entered upon this note when there is no evidence whatever of its execution, and that such entry is no evidence of its execution, which is the question at issue.

The Court: This being an issue to try the question arising upon a judgment that had been already entered, the presumption is in favor of the regularity of the judgment. The plaintiffs upon showing the judgment will have shown a prima facie case. The fact that in the issue it was directed that the plea of non-assumpsit be filed by the defendant does not change the rule in any way, the act of 1887 providing that that shall be the proper plea in all actions upon contract. It does not differ in regard to the presumption in favor of the judgment from a case where, before the act of 1887 in granting a similar action, the court would direct that the plea of either non est factum or nil debet or payment should be entered. Before the act of 1887, the proper plea in an action of this kind would have been non est factum. The objections are overruled, evidence admitted and exception. [1]

The court, GUNNISON, P. J., directed a verdict for plaintiff. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1, 3), ruling and instruction, quoting. instruction and bill of exception, but not evidence.

*S. M. Brainerd*, for appellant.——The court committed a plain error in permitting plaintiff to introduce the judgment entered on the obligation in controversy, which judgment had been opened and was no longer any evidence in the case, and the note, which of course was a part of the judgment to be introduced, while the obligation itself was deemed and characterized as a forgery, and the issue being to establish the fact whether the note was genuine or forged : Sossong v. Rosar, 112 Pa. 197 ; 2 Br. Pr. 1147; 1 T. & H. Pr. 487.

*Geo. A. Allen* and *L. Rosenzweig*, for appellee.——The uniform

practice obtained in the courts of Erie county in cases where judgments were opened and defendant permitted to make defence, prior to the act of 1887, was to direct a plea of payment on part of defendant, and the note or bond to stand as plaintiff's declaration.   Issues thus made up threw the burden of proof upon defendant as ruled in the case of Cannell v. Crawford Co., 59 Pa. 196.

Since the passage of the act of 1887, directing a plea of non-assumpsit, such issues have been tried, as formerly, under the plea of non-assumpsit, being directed by the court, because such plea was directed by the act of 1887.   The court below treated the issues the same, notwithstanding the statutory plea.

If the case, however, is to be disposed of under the rule laid down in the case of Sossong v. Rosar, 112 Pa. 197, and under similar adjudications by this court, the judgment will be reversed and a venire facias de novo awarded.

OPINION BY MR. JUSTICE THOMPSON, May 8, 1893 :

In this case judgment was entered upon a judgment note alleged to have been executed by appellant.   Upon his application a rule to open this judgment was made absolute, and an issue awarded to try the question whether the note upon which judgment was entered was signed by him, or by anyone by his authority.   The note was to stand as a declaration, and the defendant to plead non-assumpsit.   Upon the trial of this issue appellee offered in evidence the judgment, to which appellant objected.   The objection was overruled and the judgment admitted in evidence.   The appellant offered no proof.   The court below thereupon directed a verdict for appellee.   The judgment was opened upon the ground that the appellant's signature was a forgery and that he never authorized the same to be made or to be delivered to appellee.   The note standing as a declaration and the appellant having filed his plea of non-assumpsit, the issue was framed for the purpose of trying whether such was the fact.   The issue being thus made up, the appellee was required to prove her whole case.   With the allegation of forgery and the plea of non-assumpsit, she was put upon proof to show that the obligation was duly executed and duly delivered by appellant, or authorized to be so delivered.   While it may be that prior to the act of 1887 the practice of the court

below was to award an issue, when a judgment was opened and defendant was directed to plead payment which then threw the burden of proof upon him, yet the act, which provides that in actions of assumpsit the general issue shall be nonassumpsit, does not change the rule that the plaintiff under that plea is required to prove his whole case before the defendant is put upon proof. The judgment was opened generally, and on the trial it was as if it had not been entered. In view of Sossong v. Rosar, 112 Pa. 197, it is unnecessary to consider the question further, for in that case after considering the cases upon this question, Mr. Justice GREEN says : " These decisions and reasonings upon which they are based establish that where a judgment entered upon a warrant of attorney, or even upon a default, is opened generally and without terms, the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered. Consequently any defence which would have been available to the defendant if an action had been brought, instead of a judgment entered upon the instrument in suit, may be set up on the trial, the burden of proof is upon the plaintiff, and he must make out his case, subject to the defendant's right to defeat him upon any ground that would have sufficed for that purpose if no judgment had been entered."

Judgment reversed and venire facias de novo awarded.