## Bowles *v.* Wright, Appellant.

*Judgment—Set-off—Judgment against judgment—Opened judgment.*

A judgment which has been opened cannot be set-off against another judgment which has not been opened.

Argued April 12, 1905. Appeal, No. 182, April T., 1905, by defendant, from order of C. P. No. 2, Allegheny Co., July T., 1901, No. 635, discharging rule for set-off in case of Margaret A. Bowles, Administratrix of John H. Bowles, deceased, v. Louisa Wright. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to set off one judgment against another.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court discharging the rule.

*William M. McElroy*, for appellant.

*Frank W. Stonecipher*, with him *John M. Ralston*, for appellee, cited: Skinner v. Chase, 6 Pa. Superior Ct. 279 ; Burns v. Thornburgh, 3 Watts, 78 ; Bare v. Hertzler, 16 Legal Int. 108.

PER CURIAM, May 17, 1905:

Upon the defendant's application a rule was granted on the plaintiff to show cause why the defendant should not be permitted to set off against this judgment a certain judgment in which the latter was plaintiff and the former was defendant, entered upon warrant of attorney in another court. The respondent filed an answer alleging several matters of fact, which as we view the case need not be noticed, and an amendment or supplement to the answer in which she alleged that the court in which it was entered had opened the judgment sought to be used as a set-off and let the defendant into a defense. We infer from the record that the rule for set-off was heard on petition and answer. This appeal is from the order discharging it.

It is argued that the admission in the respondent's answer of the existence of the judgment sought to be used as a set-off, relieved the petitioner from the necessity of proving that fact upon the hearing of the rule, but that the allegations of the answer as to all other matters of fact could not be considered by the court without proof. The latter branch of this proposition may be conceded, so far as some of the allegations are concerned, but not so far as the status of the judgment is concerned. It was for the petitioner to determine whether upon the hearing of the rule she would rely upon the respondent's admission as to that matter, in which case she would be bound to take it as an entirety, or would put the record of the judgment in evidence. As she chose the former alternative the court was warranted in disposing of the rule upon the assumption that the judgment attempted to be set off had been opened by the court having jurisdiction, and the appeal must be disposed of upon the same assumption. Where a judgment entered upon a warrant of attorney is opened generally and without terms, the plaintiff is put to proof of his cause of action "precisely as if no judgment had been entered : ." Sossong v. Rosar, 112 Pa. 197 ; Harris v. Harris, 154 Pa. 501 ; Shannon v. Castner, 21 Pa. Superior Ct. 294. It is thus seen that the two judgments in question do not stand on an equality. One is presently enforceable ; the other is not, and may never be. Whether anything whatever is due upon the latter is undetermined. Except for the lien, which is preserved pending the

trial of the issue, it stands in the same situation as an action brought to which a prima facie defense has been set up; at least it stands on no higher plane for purpose of set-off against a judgment ripe for execution.   For this reason alone, without regard to the others suggested in the appellee's brief for argument, the court was right in discharging the rule.

Order affirmed.