## Austen, Appellant, *v.* Marzolf et al.

Argued March 16, 1932.   Before FRAZER, C. J., SIMPSON, KEPHART, MAXEY, DREW and LINN, JJ.

*D. S. Thomas,* with him *Addison Lyon,* for appellant.
—The signature of appellee to the note having been
proved, the court had before it the matter of a sealed in-
strument: Piper v. Queeney, 282 Pa. 135; Clymer v.
Groff, 220 Pa. 580.

Proof that one of the joint makers of a note signed it
without consideration as between him and the payee, and
at the request of another joint maker, is insufficient to
destroy the presumption of consideration contained in
the note itself; it must be shown that there was no con-
sideration moving between the payee and the other joint
maker: Diffenbacher's Est., 31 Pa. Superior Ct. 35.

Delivery of an instrument by the one who executed it
to the one to whom it is executed will be presumed if the
latter is in possession of and has accepted it: Grim v.
School Directors, 51 Pa. 220.

Defendant and the court at the time in which the non-
suit was granted seemed to rely chiefly upon the case of
Harris v. Harris, 154 Pa. 501, and Steel v. Snyder, 295
Pa. 120. Neither of these cases are a proper basis for a
ruling in the case now before the court.

*John B. Nicklas, Jr.,* with him *Bresci R. P. Leonard,*
for appellee.—After a judgment is opened generally on

the grounds of forgery plaintiff must prove execution, consideration and delivery: Martin v. Kline, 157 Pa. 473; Harris v. Harris, 154 Pa. 501; Sossong v. Rosar, 112 Pa. 197; Conmey v. Macfarlane, 97 Pa. 361; Trough's Est., 75 Pa. 115; Pringle v. Pringle, 59 Pa. 281; Shannon v. Castner, 21 Pa. Superior Ct. 294; Isett v. Maclay, 265 Pa. 165.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 11, 1932:

On June 12, 1926, judgment in the sum of $3,519.42 was entered by confession against John A. Marzolf and Charles Marzolf in favor of Robert E. Austen on a nonnegotiable judgment note dated February 1, 1926, payable ten days after date. On May 11, 1927, Charles Marzolf presented his petition alleging his signature was a forgery, made without his knowledge or direction and without consideration to him, and a rule was granted on the plaintiff to show cause why the judgment should not be opened as to Charles Marzolf and he permitted to defend. An answer was filed by plaintiff and testimony taken. The court refused to open the judgment and discharged the rule on April 18, 1928. On appeal by defendant to this court we reversed the order of the lower court and made absolute the rule to open the judgment: Austen v. Marzolf, 294 Pa. 226.

The case then proceeded to trial on May 1, 1931. Plaintiff introduced evidence of consideration to John A. Marzolf, the other defendant, and delivery by him of the note in question. There was also testimony of expert witnesses as to the genuineness of the signature of Charles Marzolf. The note in question was admitted in evidence over defendant's objection; in addition plaintiff attempted to introduce the record of the entry of judgment, but the trial judge properly excluded this under the authority of Harris v. Harris, 154 Pa. 501. Plaintiff then rested and the court sustained defendant's motion for a compulsory nonsuit on the ground that de-

livery of the note by Charles Marzolf had not been proved, and further, that no consideration from plaintiff to defendant Charles Marzolf had been proved. From the refusal of the court to lift the nonsuit, the present appeal was entered.

In refusing to take off the compulsory nonsuit the learned judge of the court below based his opinion chiefly on Sossong v. Rosar, 112 Pa. 197; Harris v. Harris, 154 Pa. 501; Steel v. Snyder, 295 Pa. 120, and Shannon v. Castner, 21 Pa. Superior Ct. 294. We cannot agree that these cases are authority for placing so great a burden of proof upon plaintiff. The true rule was expressed in Sossong v. Rosar, supra, page 202, as follows: "These decisions and the reasonings upon which they are based establish that where a judgment entered upon a warrant of attorney, or even upon a default, is opened generally and without terms, the plaintiff is put to his proof of cause of action precisely as if no judgment had been entered." This language was affirmed in Harris v. Harris, supra; Miller v. Miller, 209 Pa. 511; Long v. Morningstar, 212 Pa. 458; Shannon v. Castner, supra; and Bowles v. Wright, 28 Pa. Superior Ct. 160.

If plaintiff is put to proof of his cause of action precisely as if no judgment had been entered, it follows that the burden of proof is no greater than in an ordinary suit upon a promissory note where the defense is forgery. The burden is upon plaintiff to establish his allegation that the note in suit was signed by the defendant or by some one authorized by him: Shannon v. Castner, supra, page 330. Evidence by competent witnesses as to the genuineness of the signature raises a question of fact for the jury, and the note is then admissible in evidence: Depew v. Depew, 2 Sadler 117; Groff v. Groff, 209 Pa. 603. Moreover, once plaintiff has proved the signature, consideration and delivery may be presumed from the fact that the instrument is under seal. In Sigfried v. Levan, 6 S. & R. 310, which was an action of debt upon a bond, the defendant having pleaded "non

est factum," this court said: "Proof of the handwriting is sufficient to enable the jury to presume, in such case, that sealing and delivery took place, although the handwriting does not import sealing and delivery; it is not only proof of the obligor's signature, but it is presumption that it is a deed executed. ...... Where the handwriting of the obligor is proved, it is evidence of everything in favor of the instrument." To the same effect are Hamsher v. Kline, 57 Pa. 397, and Miller v. Binder, 28 Pa. 489. See also Moats v. Moats, 72 Md. 325, 19 Atl. 965.

These considerations relate only to the amount and nature of proof sufficient to raise a prima facie case for the jury. They do not affect the well established rule that, where the judgment has been opened generally, it is competent for defendant to make any legal defense: Whitmire v. Montgomery, 165 Pa. 253, 261; Long v. Morningstar, supra. Plaintiff, however, is not required to anticipate a defense and sustain a greater burden of proof than is necessary normally. In other words, a plaintiff who relies upon a sealed instrument is not obliged to prove consideration to take the case to the jury. The seal imports consideration: Mack's App., 68 Pa. 231. Nevertheless, where the judgment has been opened generally on the ground of forgery, it is competent for defendant to raise the question of consideration, despite the presence of the seal. The jury would then decide the issue.

It should, perhaps, be remarked in passing, that much of the confusion present in the minds of both the judge and the parties, as to the proof required when a judgment is opened and an issue framed thereunder, could be obviated by the procedure indicated in Martin v. Kline, 157 Pa. 473. It was there suggested that where an issue is framed to determine the validity of a judgment and several questions are to be determined by the issue, they should be incorporated in the order of the

court, and the jury should be required to answer them separately. See also Williams v. Notopolos, 259 Pa. 469.

For the reasons stated above, we are of opinion the assignment of error must be sustained.

The order of the court below is reversed and a venire facias de novo awarded.