**BERLITZ SCHOOL OF LANGUAGES OF AMERICA, Inc. v. DONNELLY & SUESS, Inc.**

Civ. A. No. 9516.

United States District Court
E. D. Pennsylvania.

April 29, 1949.

76

James F. Masterson, of Philadelphia, Pa., for plaintiff.

John W. Lord, Jr., of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case comes before me (1) on plaintiff's motion for a temporary injunction to restrain defendant from levying on plaintiff's goods and chattels and to restrain defendant from interfering with the removal of plaintiff's goods and chattels, and (2) on the defendant's motion to dismiss the complaint.

In May 1947 the plaintiff, a foreign corporation and citizen of New York, entered into a purported lease with the defendant, a domestic corporation and citizen of Pennsylvania. Under the terms of this lease the defendant rented the eighth floor of a building located in Philadelphia to the plaintiff, to be used for school purposes only, for a period of five years. The rental is $500 per month.

Pursuant to the Act of 1947, P.L. 951, 24 P.S. § 2731 et seq., the plaintiff was licensed, subject to investigation, to operate this school. In December 1948, investigation by the fire marshal of Philadelphia revealed that the defendant's building was not equipped with the fire safety precautions for school buildings which are required by city ordinances. Whereupon the Pennsylvania Department of Public Instruction notified the plaintiff to vacate these premises and establish its school elsewhere by May 1, 1949, or its license would be revoked.

Plaintiff apprised defendant of the foregoing facts and of its intention to vacate the premises by May 1, 1949. Defendant advised plaintiff that should it attempt to remove its goods and chattels from the premises, such attempt to remove would be a violation of the terms of the lease, and that defendant would proceed to enter the judgment confessed in the lease and to levy on plaintiff's goods as provided under the terms of the lease. All rent is paid to date, but there would be approximately $18,000 due for the remaining three years of the lease if the plaintiff vacates the premises in accordance with the notice of the Department of Public Instruction.

In its complaint the plaintiff prays that a declaratory judgment be entered declaring the lease null and void and releasing the parties from the obligations thereof, and prays further that defendant be enjoined from issuing execution or making levy on the goods and chattels of the plaintiff, and that defendant be restrained from interfering with plaintiff's removal of the goods and chattels situated in the premises in question.

Defendant filed a motion to dismiss the complaint.

Both the plaintiff's motion for a temporary injunction and defendant's motion to dismiss were argued simultaneously.

At the hearing defendant agreed not to levy on the plaintiff's goods and chattels on the premises nor to interfere with the removal of the goods and chattels from the premises, but only to enter judgment when and if the plaintiff vacates the premises. In view of that stipulation by the defendant, the plaintiff withdrew his motion for a temporary injunction, and this issue does not have to be determined.

It is well recognized that the Federal Declaratory Judgment Act[1] is procedural and can be used only in those cases and controversies where the federal court already has jurisdiction. Aralac, Inc., v. Hat Corporation of America, 3 Cir., 166 F.2d 286, 291; Chicago Pneumatic Tool

[1] Derived from Act of March 3, 1911, c. 231, § 274d, added 48 Stat. 995, June 14, 1934, amended 49 Stat. 1027, Aug. 30, 1935, repealed and replaced by Judiciary and Judicial Procedure Act of 1948, 62 Stat. 964, 992, 28 U.S.C.A. §§ 2201, 2202.

Co. v. Ziegler, 3 Cir., 151 F.2d 784, 788. This court does have jurisdiction of this case. 28 U.S.C.A. § 1332. Diversity of citizenship exists. The actual amount in controversy is approximately $18,000, for payment of this sum hinges on the validity of the lease in question. Ronzio v. Denver & R.G.W.R. Co., 10 Cir., 116 F.2d 604.

Counsel for the defendant contends that declaratory judgments in the federal courts are not a matter of right but are granted as a matter of judicial discretion, and that the complaint should be dismissed. Defendant contends that this declaratory judgment procedure is premature, since there is no pending litigation. He further contends that if defendant should proceed upon any default by the plaintiff, then plaintiff will have a right to raise a defense in that proceeding by petitioning the state courts to open any judgment that may be taken by confession.

■ The purpose of the declaratory judgment statute is to afford an additional remedy to one who is not certain of his rights and desires an early adjudication without waiting until his adversary should decide to bring suit. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 325; Maryland Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697, 702; Borchard, Declaratory Judgments, pp. 607, 631 (2d Ed. 1941).

■ Because there are other remedies available in courts of concurrent jurisdiction is not in itself a sufficient reason to withhold declaratory action. Nor is mere pendency of an identical suit sufficient to abate a suit for a declaratory judgment. The right to a declaratory judgment is, as the defendant contends, a matter for the Trial Judge's discretion, and all factors must be considered. Brillhart v. Excess Insurance Company of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; American Automobile Insurance Co. v. Freundt, 7 Cir., 103 F.2d 613; Maryland Casualty Co. v. Consumers Finance Service, Inc., of Pennsylvania, 3 Cir., 101 F.2d 514; Ætna Casualty & Surety Co. v. Quarles, supra.

The plaintiff has the right to have his cause heard in the federal courts, and if I dismiss his complaint my action might result in the plaintiff's having a right without a remedy. When and if the defendant takes judgment by confession in the state courts, the plaintiff may then file a petition to open that judgment in order to admit his defense. Such a petition is essentially an equitable appeal to the discretion of the trial chancellor which may or may not be granted. Richey v. Gibboney, 154 Pa.Super. 1, 34 A.2d 913. If his petition is granted, the judgment may be opened specially or generally. Keystone Bank v. Booth, 334 Pa. 545, 6 A.2d 417; Austen v. Marzolf, 307 Pa. 232, 161 A. 72.

■ I realize that the declaratory judgment statute should not be used to furnish one litigant with a new choice of tribunals, see Ætna Casualty & Surety Co. v. Quarles, supra, 92 F.2d at page 324; American Telephone & Telegraph Co. v. Henderson, D.C., 63 F.Supp. 347, nor to accomplish that which could not be done under the removal statute, see American Automobile Insurance Co. v. Freundt, supra, 103 F.2d at page 617. However, the plaintiff is virtually forced to vacate the defendant's building. If the defendant should start suit de novo, instead of exercising the confession of judgment clause, there is little question but that the plaintiff could remove such suit to this court. In all fairness, I see no reason why the confession of judgment clause should limit this court's jurisdiction.

As the situation stands at present, there is no suit actually pending in any other court. However, it is undisputed: That plaintiff will vacate the building before May 1, 1949; that defendant intends to enter judgment for $18,000 and collect this money as due on the lease; and that plaintiff intends to resist the execution of such judgment because it alleges that the lease has become null and void. Under these circumstances, I think the plaintiff is entitled to have the validity of the lease determined by a declaratory judgment.

The plaintiff is not trying to avoid a jury trial, for his contention is equitable in nature and must be decided by the Trial Judge, not a jury, wherever this controversy may be litigated. By denying the defendant's motion to dismiss there will be

no piecemeal determination of the issues involved; if defendant files an answer to the complaint, complete relief can be granted and all rights will be adjudicated by a declaratory judgment. Ætna Life Ins. Co. of Hartford, Conn., v. Martin, 8 Cir., 108 F.2d 824; American Automobile Insurance Co. v. Freundt, supra, 103 F.2d at page 619; Ætna Casualty & Surety Co. v. Quarles, supra, 92 F.2d at page 235.

Defendant's petition to dismiss the complaint is denied.