## Fell *v.* John F. Betz & Son, Limited, Appellant.

*Arbitration—Reference—Finding of facts by referee.*

It is competent for a referee, in ascertaining the facts of any case, to draw such conclusions from the facts proved or admitted to be true as it would have been permissible for a jury to draw in discharging the same function. The decision of a referee under the act of May 14, 1874, upon the facts, will not, when there is any evidence to support it, be disturbed, so long as the conclusion is untainted by fraud.

Where in an action for rent, the case turns upon possession, and the referee finds as a fact from sufficient evidence that the defendant was in constructive possession of the property, the referee's finding will not be disturbed by the appellate court.

Argued Dec. 12, 1902. Appeal, No. 218, Oct. T., 1902, by defendant, from order of C. P. No. 3, Phila. Co., June T., 1895, No. 516, dismissing exceptions to referee's report in case of William Jenks Fell, Trustee, v. John F. Betz & Son, Limited. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of Richard C. Dale, Esq., referee.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to report of referee.

*Samuel Gustine Thompson*, for appellant.

George L. Crawford, of Crawford & Loughlin, for appellee.

OPINION BY W. D. PORTER, J., March 12, 1903:

By an agreement filed of record the parties submitted all matters in controversy in this proceeding to Richard C. Dale, Esq., as referee under the act of May 14, 1874. The liability of the defendant depended upon whether it was in the beneficial enjoyment of the demised premises, or had the right to such enjoyment, during the period for which the plaintiff sought to recover rent. The referee found that the defendant was in constructive possession of the property, and accordingly entered judgment in favor of the plaintiff. All the assignments of error relate to this finding of fact. It is competent for a referee, in ascertaining the facts of any case, to draw such conclusions from the facts proved or admitted to be true as it would have been permissible for a jury to draw in discharging the same function. The decision of a referee under the act of May 14, 1874, upon the facts, will not, when there is any evidence to support it, be disturbed, so long as the conclusion is untainted by fraud: Brown v. Dempsey, 95 Pa. 243; Commonwealth v. Hulings, 129 Pa. 317; Commonwealth v. Westinghouse Air Brake Company, 151 Pa. 276. We are not satisfied that the conclusion of the learned referee was without evidence to support it.

The judgment is affirmed.