## Roberts *v.* Ward, Appellant.

*Judgment—Opening—Issue—Referee—Evidence—Sufficiency—Counter-claim.*

On the trial of an issue awarded upon the opening of a judgment entered by confession there was evidence that the judgment note was collateral for a promissory note given as part consideration for the half interest in a newspaper. Testimony was offered to the effect that a one-half interest in the equipment and the goodwill of the plant had been verbally assigned to defendant. There was

also evidence that the parties agreed that defendant should receive a stipulated sum per week for his services and one-half the profits after payment of the debts of the partnership.

Such testimony was sufficient to support a finding that a partnership existed.

To successfully challenge a referee's finding of facts, it is not enough to point to evidence sufficient to support a different finding; it must be shown that there is no evidence sufficient to sustain his findings, and this is especially so after they have been considered and approved by the court below.

Where in an action of assumpsit on a promissory note it appeared that there was no agreement between plaintiff and defendant at the time of the execution of the note that any indebtedness of the former to the latter should be set off against it, an offer to prove such indebtedness as a counter-claim was properly refused.

Argued March 7, 1928. Appeal No. 43, February T., 1928, by defendant from judgment of C. P., Lackawanna County, No. 557, May T., 1924, in the case of E. W. Roberts v. A. H. Ward. Before Henderson, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Award of an issue to referee. Before Newcomb, P. J., and Watson, J.

The facts are stated in the opinion of the Superior Court.

The court sustained the referee's findings. Defendant appealed.

*Errors assigned* were the findings of fact and rulings on evidence.

*Joseph F. Gunster,* of *Jessup, Gunster & Mackie,* for appellants.

· *Laurence D. Savige,* for appellee.

Opinion by Gawthrop, J., April 16, 1928:

On April 19, 1924, judgment by confession was entered against defendant in the court below on a note for $1,000, made and delivered by him to plaintiff on

November 28, 1923. On April 29, 1924, defendant filed a petition to open the judgment on the ground of failure of consideration. After an answer was filed the judgment was opened and an issue awarded, the order being that the note should stand as plaintiff's declaration and the petition to open the judgment as defendant's plea. By agreement, the case was referred to a referee under the Act of 1869, P. L. 725, and its supplements. After hearing the referee filed a report containing findings of facts and conclusions of law, and decided that there was a good and valuable consideration for the note, and that defendant was indebted to plaintiff in the amount thereof, with interest from its date, amounting to $1,207.50. After the filing of exceptions and a hearing by the court below, the report of the referee was confirmed and judgment was entered in accordance therewith. Defendant brought this appeal.

The following material facts were found by the referee upon sufficient evidence and are not the subject of any exception: The judgment note was collateral to a promissory note for the same amount given by defendant on the same date to plaintiff, payable at the Peckville National Bank. The latter note was never paid by defendant. The consideration for it and the judgment note was the purchase by defendant and sale by plaintiff of a one-half interest in a newspaper and printing plant, known as the Peckville Journal, which was owned by plaintiff. The consideration to be paid by defendant for the one-half interest in said newspaper was $1,000 and the assigning to the partnership of certain printing plant appliances which were then owned by him. Plaintiff verbally assigned to defendant the one-half interest in said newspaper, including presses, printing equipment and good will. Defendant then and there promised and agreed with plaintiff that he would conduct the business of the Peckville Journal, he being a practical printer, for the mutual interest

of both parties. The agreement was that defendant was to receive the sum of $50 per week for his services and one-half of all the profits after the payment of the debts of the partnership. Defendant and plaintiff continued to do business as partners under the name of the Peckville Journal until April, 1924, when defendant took his equipment and withdrew. For some time after November 28, 1923, defendant received $50 per week from the earnings of the partnership as wages. In addition to the above facts there was the thirteenth finding of fact that "defendant, A. H. Ward, now owns a one-half interest in the equipment, printing plant and the good will of the Peckville Journal."

One of appellant's contentions before us is that the evidence does not sustain the thirteenth finding of fact, the argument of his counsel being that while the agreement was that he was to get a one-half interest in the newspaper he was never recognized by plaintiff as a partner and never received the one-half interest in the paper, which was the consideration he was to receive for the note. A careful review of the evidence has failed to convince us that it compels any such conclusion. We are satisfied that it warranted the finding that defendant got his one-half interest in the newspaper which was the full consideration he was to receive for the note; that he acted as a full partner in the business with plaintiff in giving partnership obligations; and that he was paid wages out of the partnership funds according to the original agreement until, as he testified, "there wasn't money to pay it." It will serve no useful purpose to discuss the evidence on this subject. Parts of defendant's own testimony would warrant the finding complained of. His counsel point to the fact that from November 28, 1923, until the time defendant discontinued his connection with the Peckville Journal, the newspaper carried a notice that plaintiff was its publisher and owner and that defendant was its manager and editor. They point also to the

fact that there was in evidence a sworn statement furnished by plaintiff on or about July 15, 1924, to the Postal Department of the Government of the United States, as required by the Act of Congress, to the effect that he was then the owner and publisher of the Peckville Journal. We cannot agree that these items of evidence required a finding that appellant did not receive his one-half interest in the newspaper and became a partner of plaintiff. The latter testified that the aforesaid notice was composed and inserted by appellant, and that he, plaintiff, had no knowledge thereof until defendant withdrew. The certificate filed with the postoffice department was executed several weeks after defendant withdrew. It may be that plaintiff honestly believed at that time that defendant no longer had an interest in the newspaper, because he had failed to pay the note which he gave to pay for his interest in the newspaper. To successfully challenge a referee's finding of fact, it is not enough to point to evidence sufficient to support a different finding; it must be shown that there is no evidence sufficient to sustain his findings, and this is especially so after they have been considered and approved by the court below: Philadelphia Co. v. United Gas Improvement Co., 180 Pa. 235; Fell v. Betz & Son, 22 Pa. Superior Ct. 418.

The only other complaint is that it was error for the referee to refuse to allow defendant to prove that he "had not received certain moneys due him on his contract under which the note was given, and that as a result of such fact defendant declined to carry out his part of the agreement." Counsel for appellant point out that in the petition to open judgment it is averred that one of the terms of the agreement made between the parties when the note was given was ,that defendant should receive from plaintiff certain weekly wages and in addition should be paid time and half time for all work in excess of the regular 8-hour day, and that defendant proposed to prove before the referee that plain-

tiff was in default in the payment of these wages to the extent of $400.48, and that for that reason defendant did not perform his part of the agreement. Upon examination of the record, we find that the excluded offer was to prove ''that the Peckville Journal, or Elmer Roberts, is indebted to Alfred H. Ward for over time, ...... that at the time Mr. Ward was employed by the Peckville Journal that certain stock was sold by Mr. Ward to the Peckville Journal and that it has not been paid for.'' There was neither allegation nor proof that it was a part of the agreement made when the note was given that appellant's bill for $400.48, or any part thereof, could be set off against the note in suit. An examination of appellant's claim discloses items charged for a period of several months ending April 18, 1924. We agree with the referee that the offer amounted to no more than to prove a set-off or counterclaim which clearly was not admissible: Long v. Morningstar, 212 Pa. 458, 462. In the light of the admission of counsel for appellant before the referee that there was no agreement between plaintiff and defendant at the time of the execution of the note that any indebtedness of the former to the latter was to be a set-off against this note, the referee was clearly right in excluding the offer. As stated in the opinion in Long v. Morningstar, supra, ''if there was any indebtedness by plaintiff to defendant, which the parties had agreed to treat as applicable to the judgment, that might have been shown. But this would not go beyond what had been made applicable by agreement between the parties.'' We find no merit in any of the assignments of error, and therefore they are overruled.

The judgment is affirmed.