414 A.2d 1049
RELIANCE INSURANCE COMPANY, Appellee,

v.

Joseph LIBERATI and Maria Liberati, Appellants.

Supreme Court of Pennsylvania.

Argued April 21, 1980.

Decided May 30, 1980.

David Freeman, Philadelphia, for appellants.

Jeanne Ward Ryan, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

Joseph Liberati, husband of appellant, is in the construction business, and the Reliance Insurance Company (appellee) provides performance bonds for Mr. Liberati's business. Appellee obtained an agreement of indemnity on April 18, 1974, signed by Joseph Liberati and also purportedly signed by appellant, his wife. This agreement of indemnity contained a warrant to confess judgment. On December 21, 1976, a complaint (confession of judgment for money) was duly filed by appellee wherein it was alleged that Joseph and Maria Liberati had failed to fulfill an obligation under the agreement. Judgment by confession was entered against appellant and her husband in the amount of $53,-560.00. On January 25, 1977, appellant filed a petition to strike or open judgment alleging that she had not signed the indemnity agreement and that she had never authorized that it be signed on her behalf. After a hearing on the matter, the Court of Common Pleas of Delaware County by an order dated April 12, 1977, denied appellant's petition to strike and open judgment. By per curiam order dated June 28, 1978, the Superior Court affirmed the lower court's order. This Court granted appellant's petition for allowance of appeal.

In a proceeding to open a confessed judgment "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." Pa.R.C.P. No. 2959(e). Appellant testified that she did not sign the indemnity agreement; that it was not her signature on the document; that she did not authorize anyone to sign for her; and that she did not appear before any notary. The notary testified that he had notarized the document; that he knew Joseph Liberati; but that he did not remember seeing the appellant before the present hearing.

Since there was evidence presented which would require the matter to go to the jury (the trier of fact) the judgment should have been opened pursuant to Pa.R.C.P. Rule 2959(e), *supra*. The lower court erred when it, instead, performed the function of determining the credibility of the witnesses and hence prematurely resolved the ultimate issues which have to be submitted to a trier of fact in a subsequent proceeding.

In accordance with the above, we reverse the order of the Superior Court affirming the order of the lower court, and the judgment should be opened.

NIX, J., concurred in the result.