437 A.2d 763

**Anne S. PRICE**

v.

**Morris B. GELLER and Joel S. Geller, Appellants.**

Superior Court of Pennsylvania.

Argued April 21, 1981.

Filed Nov. 30, 1981.

Norman M. Abrams, Jenkintown, for appellants.

James L. Price, Philadelphia, for appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

MONTEMURO, Judge:

This case is before the court on appeal from an Order denying appellants' petition to Open Judgment. Appellee,

Anne S. Price, confessed judgment pursuant to a warrant of attorney contained in a bond against appellants, Morris B. Geller and Joel S. Geller.

After the taking of depositions, and after oral argument, the lower court denied the Petition.[1] On appeal, appellants contend that sufficient evidence had been produced to raise issues of fact which should have been decided by a jury. We agree and reverse for the following reasons.

The facts of the case are as follows:

In September of 1972, Somerton Manor Apartments was sold by Sorenson Associates, Inc., the principals of which were James L. Price and his wife, Anne S. Price, to Somerton Manor Apartments, Inc., the principals of which were Morris B. Geller, Joel S. Geller, George Green, and a corporation, Rosenthal and Rosenthal, Inc. Before the sale, a first mortgage was held by Fidelity Bond and Mortgage Company. At the time of the sale, a second mortgage was created with Rosenthal and Rosenthal, Inc., as mortgagee, and a third mortgage for $60,000 with Sorenson Associates, Inc., as mortgagee. The Gellers executed a collateral bond for $60,000 to the Prices in connection with the third mortgage. Sometime thereafter, Somerton Manor Apartments, Inc. transferred title to the property to Somerton Manor Apartments, a limited partnership, comprised of the same principals as the corporation. On November 8, 1976, the Gellers transferred their interest in the partnership to Stephen Rosenthal, one of the principals of Rosenthal and Rosenthal. Stephen Rosenthal agreed to indemnify the Gellers against any liability which they might incur on the collateral bond.

In the Spring of 1975, the Prices stopped receiving mortgage payments from Somerton Manor Apartments. At the time of the cessation of payments, the outstanding balance was approximately $31,600.

1. Depositions were taken of James L. Price, Morris B. Geller, Joel S. Geller and Stephen Rosenthal.

On March 25, 1975, Rosenthal and Rosenthal instituted mortgage foreclosure proceedings on its second mortgage. When the Prices learned of this they contacted Rosenthal and Rosenthal to work out a settlement on the third mortgage. They were referred to Ed Fitzgerald, the attorney for the partnership. On October 24, 1977, as a result of the negotiations, the Prices sold the third mortgage to Rosenthal and Rosenthal for $15,000 and executed a mortgage satisfaction piece which was recorded. The Prices did not return the bond and the warrant associated with the third mortgage.

On November 14, 1977, the Prices demanded payment by the Gellers for the balance due on the third mortgage. The Gellers responded by telling the Prices that they had sold their interest to Stephen Rosenthal. On June 23, 1978, Price confessed judgment on the collateral bond against the Gellers. In their petition to open, the Gellers alleged that the $15,000 payment to Price was intended to satisfy both the mortgage and the collateral bond.

■ A confessed judgment should be opened if evidence is produced which, in a jury trial, would require the issue to be submitted to the jury. *Reliance Insurance Company v. Liberati*, 489 Pa. 591, 414 A.2d 1049 (1980); Pa.R.C.P. 2959(e).

■ The payment of either a mortgage or a collateral bond discharges both, "and a release of extinguishment of either, without actual payment, is a discharge of the other, unless otherwise intended by the parties." *Fleming v. Parry*, 24 Pa. 47 (1854). The issue in this case, therefore, is whether the testimony created an issue of fact concerning the intentions of the parties to extinguish the collateral bond. Under *Fleming v. Parry*, id., the effect of the mortgage release is to create a presumption of the extinguishment of the collateral bond.[2]

2. The fact that appellees retained the bond is one factor rebutting this presumption.

■ A review of the testimony in the depositions leads us to conclude that appellants did produce sufficient evidence to create an issue of fact which should be decided at trial.

Stephen Rosenthal, the assignee of the Gellers' interest in the apartment building, testified as follows:

Q. When you spoke to Mr. Fitzgerald or you mailed to Mr. Fitzgerald the fifteen thousand dollars, what instructions were given to him regarding the money?

A. To satisfy—that money was in payment for satisfaction of the third mortgage on the property and other obligations. It was a total satisfaction of that mortgage.

Q. As you recollect, was the amount owed as a result of that third mortgage any other collateral obligations greater than fifteen thousand dollars, less than fifteen or . . .

A. It was greater.

Q. And this sum then was given by way of compromise of the debt that was due?

A. Absolutely.

N.T. 74a

This testimony by Rosenthal, the party who under the indemnification agreement with the Gellers would ultimately be responsible for the obligation on the mortgage and bond, is in direct contrast to the testimony of appellee. Mr. Price testified that a release of the collateral bond was never intended. It is not necessary to delve any further into the testimony since as we previously stated, it is not appropriate to rule on the credibility or sufficiency of the testimony, but only to decide whether an issue of fact has been presented. Pa.R.C.P. 2959(e).

Accordingly, the order of the lower court is reversed.