## Miller v. Wasilewski

*George Miller,* in propria persona.
*J. Michael Williamson,* for defendants.

BROWN, *P.J.,* September 18, 1986 — The within proceedings involve a confessed judgment which has been attacked by defendants' petition to set it aside. An answer has been filed to defendants' petition and the matter is now at the stage where the

issues raised by the petition to strike and the answer need to be resolved.

The parties are at loggerheads as to the appropriate procedure to be used in addressing the issues raised by defendants' petition. Defendants have filed a motion for the court to take testimony under the provisions of Pa.R.C.P. 2959(e). That rule provides:

"The court shall dispose of the rule on petition and answer, *and on any testimony,* depositions, admissions and other evidence . . . If evidence is·produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment." (emphasis added).

Plaintiff disagrees with the taking of testimony at this stage uder Pa.R.C.P. 2959(e). Instead he has filed a motion to require defendants to proceed under Pa.R.C.P. 209. This motion has been filed in the context that defendants have not proceeded by rule or by agreement of counsel to take depositions on disputed issues of fact, and that therefore plaintiff is entitled to a rule on defendants under the provisions of Pa.R.C.P. 209(b) to compel defendants to proceed to take depositions within 15 days or else have the matter heard solely on petition and answer in the context that all averments of fact responsive to the petition to strike and properly pleaded in the answer shall be deemed admitted for the purpose of argument.

The petition and answer practice provided generally in Pa.R.C.P. 209 has·been utilized in any number of cases. One difference between proceeding under Pa.R.C.P. 209 and Pa.R.C.P. 2959 lies in the limitation of the record to depositions and the pleadings under Pa.R.C.P. 209 whereas Pa.R.C.P. 2959 requires the court to consider testimony also.

Thus the court being called upon to determine which of the two procedures ought to be utilized or in the alternative to determine if the two procedures can be reconciled and used conjunctively. It should be noted that Pa.R.C.P. 132 generally provides that particular rules control if in conflict with general rules.

In assessing the background of Pa.R.C.P. 209, the court, contrary to plaintiff's argument, takes the position that it is a rule designed to deal with petition and answer practice generally. The somewhat curious limitation of making a record solely on depositions is clear, but the purpose of such a limitation escapes the court.

The background for the promulgation of Pa.R.C.P. 209 is detailed in Goodrich-Amram 2d, §209:1. Based on that discussion it is apparent that the rule was devised because of the practice in many counties where cases were not automatically listed for argument by the prothonotary but had to be ordered for argument by an attorney. Here the rulemakers apparently were concerned with the matter languishing because neither side would take the initiative in ordering the case for argument, and the attorney for the responding party being concerned with the principle that the ordering of the action for argument on petition and answer admitted for the purpose of the argument the truth of the averments of the petition filed by the moving party. This particular problem is not present with local practice in Clinton County since petitions are routinely scheduled by the court for a hearing on the return date and as such the responding party is not put in any jeopardy of having to admit anything at the time of the hearing, but instead the petitioner is responsible for proceeding.

This distinction has been noted by one common pleas court which has held that Pa.R.C.P. 209 does not apply if the local practice is to take testimony in open court on the return day of the rule so that the petition and answer are automatically listed for hearing and depositions are not taken. *Grand Lodge I.O.O.F. v. Alexander*, 40 Westmoreland L.J. 105 (1958). This is similar to the practice in Clinton County so that the basic reason for the existence of Pa.R.C.P. 209 is at least questionable.

On the other hand, the court feels that it must take cognizance of the specific provisions of rule 2959(e) which mandate that the court "shall dispose" of the rule on petition and answer and on "any testimony." The court believes that this rule is a particular rule which regulates the confession of judgment practice including petitions to strike or open such judgments, and that accordingly, a defendant filing such a petition has an absolute right to require the court to take testimony and not relegate him to the taking of depositions.

As a matter of expedient practice in disposing of cases, the court believes that the taking of testimony in court has certain advantages over the taking of depositions. Initially, testimony in front of the court can probably be scheduled more quickly than the depositions, particularly when one considers that depositions have to be transcribed after they are scheduled and taken. Also requiring depositions and not allowing testimony places an additional expense upon the parties and is not necessarily in the interest of the economical operation of the courts and parties.

Plaintiff's main objection to this type of procedure seems to be that he is not advised ahead of time as to who defendants' witnesses will be or what the sub-

stance of their testimony will be, and that he would not be subject to this if depositions were being used since defendants would have to proceed by rule under Pa.R.C.P. 209 thus advising the court and defendant in the petition accompanying the rule as to the witnesses to be called and the substance of their testimony. While this is a valid observation, the court does not believe that this overrides the clear mandate of Pa.R.C.P. 2959(e) — that this court is required to take testimony if a party wishes to offer it with respect to disputed issues of fact. Any testimony offered by defendant would have to be confined to the allegations in his petition. To this extent the nonmoving party would be protected from any surprise as to the factual issues to be met.

Plaintiff has also argued in his brief that the court may require the production of testimony under Pa.R.C.P. 2959(e) to assist in the exercise of its discretion in opening a judgment only when the petitioner meets the required burden of proof for opening a confessed judgment upon the submission of depositions. The cases cited in support of this proposition, *Price vs. Geller,* 292 Pa. Super. 455, 437 A.2d 763 (1981); *Continental Bank vs. Molinari,* 11 D.&C.3rd 168 (1979); and *Bott vs. Aronimink Transportation Company,* 31 Del.Co.Rep. 172 do not so limit the court in considering only depositions in deciding whether to set aside or open a judgment. In those cases depositions were used but there is no indication in any of them that in court testimony was offered or rejected. Plaintiff's citation of this court's order in *George Miller vs. Mark F. Caruso and Carol E. Caruso, his wife,* No. 338-86, is not apposite to the present circumstances since defendants in that case had not formally requested the taking of testimony before the court.

Plaintiff's argument that defendants have offered no evidence in support of their application to set aside the judgment is accurate. However the purpose of the testimony to be offered will determine whether that burden has been met. Insofar as plaintiff argues that defendants' application is vague, indefinite, uncertain, weak, evasive, contradictory or inconsistent, conjectural, uncorroborated, incredible or unworthy of belief, the court would have to disagree. The petition, if testimony is presented to indicate that evidence is available to support its allegations, is adequate. In this regard the court should first determine whether the petition states a prima facie ground for relief before it issues a rule. *Pittsburgh vs. Allegheny County Distributors Inc.*, 339, Pa. Super. 109, 488 A.2d 333 (1985). In this case the court notes that there were various issues raised in the petition to open or set aside and if they exist would require the court to set aside the judgment for a determination of the factual issues in an arbitration proceeding and before a jury if necessary.

## ORDER

And now, October 2, 1986, based upon the foregoing opinion, it is hereby ordered that defendants' motion to proceed under Pa.R.C.P. 2959(e) be granted and that the court administrator schedule a hearing for the purpose of taking testimony with regard to defendants' petition to set aside the within judgment.

It is further ordered that plaintiff's petition to strike and/or dismiss the motion to schedule hearing and plaintiff's motion to proceed under Pa.R.C.P. 209 be dismissed and the requested relief be denied.