697 A.2d 252

**OHIO PURE FOODS, INC., Appellee,**

v.

**Christine M. BARBE, Appellant.**

Supreme Court of Pennsylvania.

Argued March 5, 1997.

Decided June 18, 1997.

Ronald B. Roteman, Douglas A. Campbell, Pittsburgh, for Christine M. Barbe.

Robert H. Gustine, Michael A. Cohen, Pittsburgh, for Ohio Pure Foods, Inc.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## *OPINION*

CAPPY, Justice.

This case presents the question of whether a court should issue a rule to show cause why a confessed judgment should not be opened where the petitioning party offers the defense of forgery as her *prima facie* grounds for relief. For the reasons which follow, we reverse the order of the Superior Court and remand to the Court of Common Pleas for further proceedings consistent with this opinion.

The record evinces that on June 1, 1993, Appellant, Christine M. Barbe, President of Quick Chef, Inc., executed a cognovit guaranty (the "Guaranty") in favor of Appellee, Ohio Pure Foods, Inc. The Guaranty, which contained a confession

of judgment clause, was executed in conjunction with other financial obligations of Quick Chef, Inc. to Appellee.

On April 25, 1995, Appellee filed a Complaint in Confession of Judgment (the "Complaint") seeking to recover certain payments from Appellant. In response to the Complaint, on May 31, 1995, Appellant filed a Petition for Rule to Show Cause Why Judgment Should Not Be Opened and to Stay Execution (the "Petition"). In the Petition, Appellant alleged, *inter alia*, forgery as a meritorious defense to the action. The Court of Common Pleas of Allegheny County denied Appellant's Petition on the basis that insufficient facts were alleged in support of Appellant's defense. The Superior Court affirmed the lower court's decision, likewise finding that Appellant failed to plead any factual allegations in support of the claimed defense of forgery. This court granted Appellant's petition for allowance of appeal.

■ Pennsylvania Rule of Civil Procedure 2959 prescribes the petition process for relief from a judgment by confession. Specifically, Pa.R.C.P 2959(b)[1] states:

> A court shall issue a rule to show cause upon a petition for the opening of a judgment stating *prima facie* grounds for the relief requested.

Thus, the threshold burden is on the petitioner to state *prima facie* grounds for relief in order for the court to issue a rule to show cause. However, the issuance of the rule to show cause is mandatory if the requisite *prima facie* requirements are met. *Continental Bank v. Frank*, 343 Pa.Super. 477, 495 A.2d 565 (1985). If the rule is issued, the respondent shall answer the petition to open which frames the factual issues for discovery. Pa.R.C.P. 2959(e).

■ In order to *ultimately* succeed on a petition to open judgment, the petitioner must present sufficient evidence "which in a jury trial would require the issues to be submitted

---

1. Effective July 1, 1996, the rules of civil procedure governing confession of judgment for money were amended. Amended Rules 2958 and 2959 now seemingly govern the procedural framework for an individual raising forgery as a defense. As Rule 2959(b) was unchanged, our decision today is unaffected by these recent amendments.

to the jury." Pa.R.C.P. 2959(e); *Resolution Trust Corporation v. Copley Qu–Wayne Associates, et al.*, 546 Pa. 98, 683 A.2d 269 (1996). Thus, issuance of a rule to show cause is merely the first step in the process which culminates in the disposition of the rule, i.e., a determination of whether the judgment should be opened.

Appellant argues that the lower courts erred in denying her Petition.[2] Specifically, Appellant asserts that she has set forth *prima facie* grounds for relief and has averred sufficient facts for the issuance of the rule to show cause. Appellant's Petition states that the Guaranty contained a forgery of her signature. Appellant offered in her Petition that she did not execute the Guaranty, that she did not authorize the Guaranty to be executed on her behalf, that the signature purporting to be hers on the Guaranty was a forgery, and that she had no knowledge of the Guaranty until she received notice of the judgment against her.[3]

Pointing to this court's decisions in *Reliance Ins. Co. v. Liberati*, 489 Pa. 591, 414 A.2d 1049 (1980) and *Long v. Morningstar*, 212 Pa. 458, 61 A. 1007 (1905), Appellant submits that our case law does not require any more than what she has stated in her Petition. In *Liberati*, this court found that testimony that an individual did not sign an agreement, that the signature was not hers, that she had not authorized anyone to sign on her behalf, that she did not appear before the notary and testimony that the notary did not remember her, required that the *judgment be opened* and that the matter

2. Our standard of review is limited to whether the lower courts committed a manifest abuse of discretion or an error of law. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.*, 506 Pa. 439, 485 A.2d 1086 (1984).

3. Appellant specifically stated in her Petition:

5. Petitioner has substantial and meritorious defenses to Plaintiff's claim which will void the Judgment in its entirety or substantially reduce the amount, if any, which may be due and owing to Plaintiff.

6. The Judgment must be opened because the Cognovit Guaranty on which it is based was not executed or authorized by Christine M. Barbe and said guaranty contains a forgery of her signature.

7. Until receiving notice of the entry of the within judgment, Christine M. Barbe had no knowledge of the alleged Cognovit Guaranty.

go to the jury pursuant to Pa.R.C.P. 2959(e). Likewise, in *Long,* a rule to show cause was granted where the petitioner alleged that he had not signed a note, had not authorized any person to sign the note, or owed any debt to the creditor. *See also, Austen v. Marzolf,* 307 Pa. 232, 161 A. 72 (1932)(allegation of signature being a forgery, made without knowledge, direction, or consideration, was sufficient for granting of rule to show cause); *Earley's Appeal,* 90 Pa. 321 (1879)(rule to show cause obtained on assertion that note was a forgery).

These cases make clear that forgery has been held to be a meritorious defense and that only a minimal offering is needed to satisfy the requirements for the issuance of a rule to show cause. Indeed, the allegations offered by Appellant in the case *sub judice,* are virtually identical to those in *Long* and substantially similar to those in *Liberati,* where this court found such facts sufficient to decide the ultimate issue of whether the judgment should be opened. Thus, in light of this court's prior decisions, it is not difficult to conclude that Appellant has satisfied the threshold burden of stating *prima facie* grounds for relief for the issuance of a rule to show cause.

While the lower courts found, and Appellee contends, that Appellant has failed to set forth sufficient factual allegations, it is unclear what more Appellant could have provided in her Petition. We do not believe that Appellant could allege, or should be required to allege, anything more than what she has offered in support of her defense of forgery in order to obtain the issuance of a rule to show cause.

Because Appellant satisfied her initial burden of setting forth *prima facie* grounds for relief, and was therefore entitled, as a matter of law, to the issuance of a rule to show cause, the order of the Superior Court is reversed, and the matter is remanded for proceedings in accordance with this opinion.